1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   REINA E. FLOREZ,                          No.  2:14-cv-1448 KJM DAD PS

12                 Plaintiff,

13        v.                                   ORDER

14   PARENT ADVOCATES OF
     SACRAMENTO,
15

16                 Defendant.

17

18        Plaintiff Reina Florez is proceeding in this action pro se.  This matter was referred to the

19   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has

20   requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

21        Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. §

22   1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis

23   status does not complete the inquiry required by the statute.  "'A district court may deny leave to

24   proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that

25   the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th

26   Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See

27   also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to

28   examine any application for leave to proceed in forma pauperis to determine whether the

                                          1

1   proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

2   bound to deny a motion seeking leave to proceed in forma pauperis.").

3       Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

4   poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

5   state a claim on which relief may be granted, or seeks monetary relief against an immune

6   defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

7   arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

8   Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

9   complaint as frivolous where it is based on an indisputably meritless legal theory or where the

10  factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

11      To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

12  state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

13  570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

14  true the material allegations in the complaint and construes the allegations in the light most

15  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

16  Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

17  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

18  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

19  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

20  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

21      To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

22  state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

23  570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

24  true the material allegations in the complaint and construes the allegations in the light most

25  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

26  Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

27  (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

28  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

2

1   conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

2   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

3          The minimum requirements for a civil complaint in federal court are as follows:

4              A pleading which sets forth a claim for relief . . . shall contain (1) a
               short and plain statement of the grounds upon which the court's
5              jurisdiction depends . . . , (2) a short and plain statement of the
               claim showing that the pleader is entitled to relief, and (3) a demand
6              for judgment for the relief the pleader seeks.

7   FED. R. CIV. P. 8(a).

8          Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

9   complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

10  state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v.

11  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

12  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

13  does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

14  enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

15  557.  A plaintiff must allege with at least some degree of particularity overt acts which the

16  defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

17         Moreover, jurisdiction is a threshold inquiry that must precede the adjudication of any

18  case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of

19  Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited

20  jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v.

21  Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37

22  (1992).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears

23  affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting

24  Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

25         Lack of subject matter jurisdiction may be raised by the court at any time during the

26  proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir.

27  1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it] has

28  subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It is the

3

1    obligation of the district court "to be alert to jurisdictional requirements." <u>Grupo Dataflux v.</u>

2    <u>Atlas Global Group, L.P.</u>, 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court

3    cannot decide the merits of a case or order any relief.  <u>See</u> <u>Morongo</u>, 858 F.2d at 1380.

4        The burden of establishing jurisdiction rests upon plaintiff as the party asserting

5    jurisdiction.  <u>Kokkonen</u>, 511 U.S. at 377; <u>see also</u> <u>Hagans v. Lavine</u>, 415 U.S. 528, 543 (1974)

6    (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,

7    implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy

8    within the jurisdiction of the District Court"); <u>Bell v. Hood</u>, 327 U.S. 678, 682-83 (1946)

9    (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly

10    insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of

11    jurisdiction ); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even

12    "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction

13    . . . and may be dismissed sua sponte before service of process.").

14        Here, plaintiff's entire complaint consists of a single page.  The allegations found therein

15    do not reflect a short and plain statement of the grounds upon which the court's jurisdiction

16    depends, a short and plain statement of plaintiff's claim showing that the she is entitled to relief,

17    or even a demand for judgment for the relief she seeks.  Instead, plaintiff's complaint consist only

18    of vague and conclusory allegations concerning plaintiff's, presumed, representation by the

19    defendant and is devoid of any identified claims, an identified defendant or any demand for relief.

20    Specifically, plaintiff's one-page complaint appears to essentially alleges that plaintiff's

21    "grievance is improper representation . . . against . . . Sac County division CPS" and the

22    "[a]ttorney client breakdown irreconcilable refusal to communicate . . . from 2006-2014 . . . ."

23    (Compl. (Dkt. No. 1) at 1.)  Presented with only these vague and unclear allegations, the court

24    cannot characterize the nature of plaintiff's claim, determine if this is a matter over which it has

25    jurisdiction, or even identify a defendant to be served.

26        Accordingly, for the reasons explained above, plaintiff's complaint will be dismissed for

27    failure to state a claim.  The undersigned has carefully considered whether plaintiff may amend

28    the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave

to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the court cannot yet say that it appears beyond doubt that leave to amend would be futile.  Plaintiff's complaint will therefore be dismissed, and she will be granted leave to file an amended complaint.  Plaintiff is cautioned, however, that if she elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678.  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 679.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings.  The amended complaint will supersede the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file

5

1  must also include concise but complete factual allegations describing the conduct and events

2  which underlie plaintiff's claims.

3         Accordingly, IT IS HEREBY ORDERED that:

4         1.  The complaint filed June 17, 2014 (Dkt. No. 1) is dismissed with leave to

5  amend.

6         2.  Plaintiff is granted twenty-eight days from the date of this order to file an

7  amended complaint that cures the defects noted in this order and complies with the Federal Rules

8  of Civil Procedure and the Local Rules of Practice.[1]  Any amended complaint filed must bear the

9  case number assigned to this action and must be titled "Amended Complaint."

10        3.  Failure to comply with this order in a timely manner may result in a

11  recommendation that this action be dismissed.

12  Dated:  October 1, 2014

13

14  _____
    DALE A. DROZD

15  UNITED STATES MAGISTRATE JUDGE

    DAD:6

16  Ddad1\orders.pro se\florez1448.ifp.den.ord

17

18

19

20

21

22

23

24

25

26

27

28

[1]  Alternatively, plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.